## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| EUGENE FREEDMAN, | ) |
| | ) |
| | )     MEMORANDUM DECISION |
| Plaintiff, | )     AND ORDER GRANTING |
| | )     DEFENDANTS' MOTION |
| v. | )     TO DISMISS |
| | ) |
| CLINTON D. SMITH, JOHN T. MORIN, | ) |
| and WORMSER, KEILY, GALEF & | ) |
| JACOBS, LLP, | ) |
| | ) |
| Defendants. | )     Case No. 2:07CV36 TS |
| | ) |
| | ) |

This case is before the Court on Defendants Clinton Smith, John Morin and Wormser, Keliy, Galef & Jacobs, LLP Motion to Dismiss for Lack of Personal Jurisdiction.[1]

## I. INTRODUCTION

The Court finds as following, resolving factual disputes in favor of the Plaintiff. In this diversity case, Defendants Clinton Smith, John Morin and Wormser, Kiely, Galef & Jacobs LLP (herein after "Defendants") represented Plaintiff in actions pursued in New York State.[2] Defendants Smith and Morin are residents of New Jersey.[3] Defendant Wormser, Kiely, Galef & Jacobs LLP is an entity with its principle and only place of business in New York State.[4] Plaintiff is a resident of Utah.[5] For more than fourteen years Plaintiff has been president, director, and fifty-percent (50%) shareholder in

---

[1] Docket No. 4.
[2] Docket No. 4, at 2.
[3] *Id*. at 3.
[4] *Id*.
[5] Docket No. 5, at 3.

Cosmetically Sealed Industries ("CSI"), an entity organized under New York state law with its principle place of business in Mount Vernon, New York.[6]  Additionally, Plaintiff is listed with the New York State Department of State as the registered agent for CSI with his address being in Mount Vernon, New York.[7]

In November of 2001, Plaintiff began a mission for his church to Europe which would last a year and a half in duration.[8]  During this mission, Plaintiff voluntarily gave up his right to receive income from CSI.[9]  Plaintiff believed that in his absence the company was mismanaged and funds misappropriated.[10]  Consequently, he sought to institute claims against his partners for money damages.[11]  Plaintiff's brother is a Professor of Law at Hofstra University in New York.[12]  Since Plaintiff was in Europe, Plaintiff's brother retained Defendants to represent Plaintiff in litigation relating to Plaintiff's alleged damages.[13]  Prior to retaining Defendants, Plaintiff's brother had attempted to settle the matter and had negotiated a deal with Plaintiff's former partners for $150,000.[14]  Plaintiff claims that Defendants guaranteed a better settlement, but, in the end, the original deal of $150,000 was not reached and the relationship between Plaintiff and Defendants was terminated.[15]

---

[6] Docket No. 4, at 3.

[7] *Id.*

[8] Docket No. 5, at 3.

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.* at 5.

[12] *Id.* at 4.

[13] *Id.* at 5.

[14] *Id.* at 4.

[15] *Id.* at 5.

The Complaint alleges failure to exercise skill and care of ordinarily competent attorneys including: bad advice, neglect of duties, and churning of billable hours.[16] Defendants move to dismiss based on a lack of personal jurisdiction.

## II. DISCUSSION

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment."[17]  Additionally, Plaintiff "bears the burden of establishing personal jurisdiction over the defendant."[18]  As is the case here, "when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing."[19]  As indicated above, all factual disputes are resolved in favor of the plaintiff.[20]  Plaintiff does not allege general jurisdiction, therefore it will not be discussed.  The Utah Long Arm Statute states in relevant part

> Any person . . . who in person or through an agent does any of the following enumerated acts, submits himself . . . to the jurisdiction of the courts of this state as to any claim arising out of or related to:
> (1) the transaction of any business within this state;
> (2) contracting to supply services or goods in this state;
> (3) the causing of any injury within this state whether tortuous or by breach or warranty . . .[21]

---

[16] Docket No. 5, at 7.
[17] *Miner v. Rubin & Fiorella, LLC*, 242 F.Supp.2d 1043, 1045 (D. Utah 2003) (quoting *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)).
[18] *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).
[19] *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995)).
[20] *Id*.
[21] Utah Code Ann. § 78-27-24.

To assess whether specific jurisdiction exists, the Tenth Circuit follows a three-part inquiry under the Utah long-arm statute: "(1) whether the defendant's acts or contacts are described within the parameters of the Utah long-arm statute; (2) whether a 'nexus' exists between the plaintiff's claims and the defendant's acts or contacts; and (3) whether the attainment of personal jurisdiction over the defendant pursuant to the Utah long-arm statute satisfies the requirements of due process."[22]  "It is frequently helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[23]

In order to satisfy the due process requirements for specific jurisdiction certain "minimum contacts" must exist.[24]  Minimum contacts are established when a defendant makes a "substantial connection" "deliberately" engaging in significant activities within a state or creates "continuing obligations" with residents of the state. [25]  It is also necessary for "the defendant's conduct and connection with the forum State [to be] such that he should reasonably anticipate being haled into court there."[26]  The quality and nature of the contacts rather than the quantity is the focus of a due process inquiry.[27]  When dealing with specific jurisdiction the "'relationship among the defendant, the forum, and the litigation' is the essential foundation of *in personam* jurisdiction."[28]

---

[22] *Miner*, 242 F.Supp.2d at 1045 (quoting *Far West Capital, Inc.*, 46 F.3d at 1074).

[23] *Sys. Designs, Inc. v. New Customward Co.*, 248 F.Supp.2d 1093, 1097 (D.Utah 2003).

[24] *World Wide-Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316, (1945)).

[25] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223 (1957); *Keeton v. Hustler*, 465 U.S. 770, 781 (1984); *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 648 (1950)).

[26] *Id*. at 474.

[27] *Int'l Shoe*, 326 U.S. at 319.

[28] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, (1977)).

4

Further, "[u]nilateral activity of those claiming a relationship with a nonresident defendant is not sufficient and 'it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of the laws.'"[29]

The Court finds that Defendants' only contact with Utah is through their former client, Plaintiff, who is a resident in Utah.  The fact that Defendants performed work for a Utah resident is a mere fortuity and does not establish purposeful availment.[30] Defendants do not solicit nor advertise in Utah, they did not seek Plaintiff out, they have made no trips to Utah, nor does the matter in controversy concern Utah.  Plaintiff is suing Defendants over alleged professional misconduct which occurred in New York State initially over a corporate matter in New York State.

Plaintiff asserts that communications to Utah, and fees charged to a Utah resident establish purposeful availment and the necessary minimum contacts.  However, "[i]t is well established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts."[31]  Plaintiff cites to *Ealing Corp. v. Harrods*[32] as a case where the court found that minimum contacts existed when the defendant made phone or fax communications on a daily basis.  However, *Ealing* is distinguishable on many grounds.  First, *Ealing* is a case where plaintiff and defendant engaged in a joint business venture expressly aimed at Massachusetts.  Second, defendant in that case sent mail catalogues to Massachusetts residents thereby purposely soliciting business in that forum.  Finally, *Ealing* is a First Circuit case which is nonbinding authority on this Court.

---

[29] *Far West Capital, Inc.*, 46 F.3d at 1075; *World Wide Volkswagen*, 444 U.S. at 295.
[30] *Miner*, 242 F. Supp.2d at 1048.
[31] *Far West Capital, Inc.*, 42 F.3d at 1077.
[32] 790 F.2d 978 (1st Cir. 1986).

Plaintiff also asserts that his alleged loss of money in Utah is a form of injury occurring in Utah enabling the state to confer jurisdiction over Defendant.  However, Utah courts have been reluctant in asserting jurisdiction over defendants merely because they caused some financial injury within Utah.[33]

In his response to Defendants' Motion, Plaintiff attempts to enumerate some "additional relevant facts."[34]  However, the additional stated facts are wholly irrelevant to the issue of jurisdiction, and, in fact, demonstrate the lack of personal jurisidiction.  For example, Plaintiff restates that: (1) everything Defendants did while representing Plaintiff occurred in New York; (2) Defendants were representing an officer/shareholder of a New York company; (3) the representation was based on disputes between the officers/shareholders of the New York company; and (4) Defendants were assisted by Plaintiff's brother who is a law professor in New York as well as a resident there.  Plaintiff has failed to show that Defendants have the required minimum contacts necessary to establish specific jurisdiction.

Since the Plaintiff has not met his burden in establishing minimum contacts it is unnecessary to analyze the Utah Long Arm Statute.  However, it does not appear from the record that the Defendants were doing business in Utah as Plaintiff is their only Utah client, and they have never been in Utah.  Although, "a person may transact business within the state even if they are not physically present in Utah,"[35] "Utah appears to require solicitation of business within the state *plus some other factor such as*

---

[33] *Harnischfeger Eng'rs, Inc.v. UNiflo Conveyor, Inc.*, 883 F.Supp 608, 613 (D.Utah 1995); *STV Intl. Mktg. v. Cannondale Corp.*, 750 F.Supp 1070, 1075 (D. Utah 1990).
[34] Docket No. 5, at 3.
[35] *Harnischfeger Eng'rs, Inc.*, 883 F.Supp at. 614.

*maintaining a warehouse or making deliveries*."[36]  The Defendants in this case did not

meet the first element of soliciting business in Utah, let alone any additional factors.

Additionally, even if it were necessary to fully analyze the Utah Long Arm Statute, for a

court to find that an injury was felt in a location simply because a plaintiff lives there

would be unfair and open a "Pandora's Box of litigation."[37]

    The facts in *Miner*[38]  are almost identical to this case.  In that case a Utah plaintiff

attempted to sue a New York attorney in Utah.[39]  The plaintiff in that case was the only

Utah client the attorney defendant had and the attorney was not soliciting Utah clients.[40]

The court found any contacts the defendant had with Utah were "simply mechanical

contacts"[41] necessary to fulfill its obligations as attorney.[42]  Likewise, this Court finds

that any contacts Defendants had with Utah were attenuated based soley on the fact that

their client Plaintiff was a resident of Utah, therefore Defendants lack minimum contacts

with Utah.

---

[36] *Id*. at 612 (quoting *Cannondale Corp.*, 750 F.Supp at 1074) (emphasis added).

[37] *Cannondale Corp.*, 750 F.Supp at 1076.

[38] *Miner*, 242 F.Supp.2d. 1043.

[39] *Id*. at 1044.

[40] *Id*.

[41] *Id*. at 1051.

[42] *Id*.

## III. CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendants Motion to Dismiss (Docket No. 3) is GRANTED and this case is DISMISSED without prejudice for lack of personal jurisdiction.

The clerk of the court is directed to close this case forthwith.

DATED this 17th day of July 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge